DA 11-0727

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 103N

IN THE MATTER OF:

E.S.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADN 10-028
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Elizabeth Thomas, Attorney at Law, Missoula, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant Attorney General, Helena, Montana

        Theresa L. Diekhans, Assistant Attorney General, Child Protection Unit, Great Falls, Montana

Submitted on Briefs:  April 17, 2012

Decided:  May 8, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant father appeals the District Court's order terminating his parental rights to E.S. We affirm.

¶3 Father is the natural father of E.S. The Department removed E.S. from father's care on February 24, 2010, after E.S. had been discovered in a hotel room with his father while the father was intoxicated. Law enforcement discovered methamphetamine and drug paraphernalia in the hotel room. E.S. suffered from a severe diaper rash and facial bruising.

¶4 Father stipulated to adjudication of temporary legal custody on April 7, 2010. The court approved a treatment plan for father on April 28, 2010. The treatment plan primarily sought to address father's chemical dependency. The birth mother was incarcerated at this time.

¶5 Father failed to complete his treatment plan. The Department sought termination of father's parental rights. Father, at the time of the termination hearing, was serving a two year commitment with the Department of Corrections (DOC) that he began on June 19, 2011. He was placed at a substance abuse treatment program in Missoula at the time of the hearing. Father had no specific release date back in the community as of the hearing date.

¶6    The District Court considered testimony from various social workers involved with the case and made findings of fact and conclusions of law.  The court determined that the conduct or condition rendering father unfit or unable to care for E.S. was unlikely to change within a reasonable amount of time given his lack of progress in the treatment plan and his two-year commitment to DOC.  E.S. was two years old at the time of the termination hearing. The court noted that E.S. had spent the majority of his life in foster care by the time of the hearing.  Based on clear and convincing evidence, the court terminated father's parental rights.  Father appeals.

¶7    Father argues on appeal the District Court abused its discretion in determining that termination was in E.S.'s best interest.  Father argues that E.S.'s best interest would have been served by a guardianship with the paternal grandmother.  The State counters that the District Court had no obligation to resolve the possible guardianship placement of E.S. with the paternal grandmother.

¶8    We review for an abuse of discretion a district court's decision to terminate parental rights.  *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691.  We will not disturb a district court's decision on appeal under these circumstances unless "there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion."  *In re M.N.*, 2011 MT 245, ¶ 14, 362 Mont. 186, 261 P.3d 1047.  We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the

3

District Court's findings of fact and that the District Court correctly applied the law to these facts.

¶9      Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE